CLERK ?? Y
**FILED**
AT ALBUQUERQUE NM

APR 8 1999

ROBERT M. MARCH
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EUGENE NELSON,

        Plaintiff,

v.                                    No. CIV-98-1482 M/LCS

MIKE HENDERSON,
SARA DRILLIN,
ADRIENNE JACKSON,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Plaintiff has not submitted an initial partial payment or financial certificates since January 15, 1999. For the reasons below, certain of Plaintiff's claims will be dismissed as frivolous or for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,

17

1520-21 (10th Cir. 1992).

This is Plaintiff's second complaint asserting claims against parole officers and a member of the parole board. The first complaint claimed that Plaintiff's parole was revoked without probable cause; the Court dismissed that complaint under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The instant complaint contains the same claims relating to revocation of parole by the board and consequent reincarceration. The instant complaint further alleges that Defendant Henderson, a parole officer, used excessive force, refused to allow Plaintiff's urinalysis to be performed by a laboratory of Plaintiff's choice, and required Plaintiff to attend a program based on a conviction that had been vacated. As a result of these allegedly arbitrary conditions, Plaintiff's parole was revoked and his current incarceration is illegal.

The claims against Defendant Jackson as a member of the parole board will be dismissed with prejudice. The Tenth Circuit held in *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988), that a member of a parole board "is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole." Furthermore, the complaint contains no allegations against Defendant Drillin, and claims against this Defendant will be dismissed under Fed.R.Civ.P. 12(b)(6).

Judgment will be entered on Plaintiff's claims in favor of Defendants Jackson and Drillin. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and

will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this order, Plaintiff shall submit a completed post-filing financial certificate and an installment payment of twenty per cent (20%) of the preceding month's income indicated on the certificate or show cause why he has no assets and no means by which to pay the designated installment; the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payment identified by the civil action number (CIV 98-1482 M/LCS) of this case.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Jackson and Drillin be DISMISSED with prejudice, and it is EXPRESSLY DIRECTED that judgment be entered in favor of these Defendants; the Clerk is directed to issue summons, notice, and waiver forms for Defendant Henderson in his individual capacity; and a form of judgment shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE