FILED
AT ALBUQUERQUE NM
AUG 3 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE NELSON,

    Plaintiff,

v.    No. CIV-98-1482 M/LCS

MIKE HENDERSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's second and third motions for appointment of counsel (Doc. #29 & 31) filed July 8 and 16, 1999; Plaintiff's motion to amend (Doc. #15) filed March 15, 1999; and Defendant's motion under Fed.R.Civ.P. 12(e) for more definite statement (Doc. #34) filed July 30, 1999. The motion to amend will be denied as moot because Plaintiff had already been granted leave to amend (Doc. #13) when he filed the motion.

The motions for appointment of counsel will be denied at this time. Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent papers in light of the foregoing factors. And though Plaintiff's papers may be "inexpertly drawn," *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).

The motion for more definite statement contends that Plaintiff's complaint is so vague and

ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Defendant's assertions do not justify the relief sought. Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). As noted in the memorandum opinion and order entered April 8, 1999, the complaint sets out three claims against Defendant. The complaint alleges Defendant injured Plaintiff by improper use of an ankle bracelet, refused to allow a urinalysis to be performed by a laboratory of Plaintiff's choice, and required Plaintiff to attend a sex-offender program based on a conviction that had been vacated. In his motion for more definite statement, Defendant asks that Plaintiff be required to provide details regarding Defendant's misapplication of the ankle bracelet, to specify which rights were violated by not being allowed to choose a particular laboratory, and to identify the allegedly vacated conviction. A motion for more definite statement is not properly used "simply to obtain greater detail." *Black & Veatch Int'l Co. v. Wartsila NSD North America*, No. 97-2556-GTV, 1998 U.S. Dist. LEXIS 7756, at *4 (D. Kan. May 21, 1998). Plaintiff's complaint is not "an unintelligible pleading," *Id.* at *4, and Defendant is "sufficiently apprised of the nature of the action." *United States v. Gustin-Bacon, Certainteed Products Corp.*, 426 F.2d 539, 543 (10th Cir. 1970). The motion will be denied. *And see* Fed.R.Civ.P. 12(a)(4)(A).

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. #15) filed March 15, 1999, is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's second and third motions for appointment of counsel (Doc. #29 & 31) filed July 8 and 16, 1999, and Defendant's motion under Fed.R.Civ.P. 12(e) for more definite statement (Doc. #34) filed July 30, 1999, are DENIED.

_____<br>
UNITED STATES DISTRICT JUDGE