IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE NELSON,

       **Plaintiff,**

vs.                                                 No. CIV 98-1482 M/LCS

MIKE HENDERSON,

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court on Defendant Mike Henderson's Answer *(Doc. 42)*, filed September 9, 1999, and Memorandum in Support of Defendant's Motion to Dismiss *(Doc. 57)*, filed October 4, 1999. The Court has reviewed the Complaint, the memoranda of the parties, and the relevant law. The Court proposes finding that the motion is well taken and recommends that it be granted.

Plaintiff Eugene Nelson filed this civil rights complaint against Defendant Mike Henderson based on three of Henderson's actions that allegedly occurred while Henderson was serving as Nelson's parole officer. First, Nelson claims that Henderson placed an ankle bracelet on him for electronic monitoring, and that caused a pre-existing leg injury not to heal properly. Second, Nelson claims that Henderson caused his parole to be revoked based on urine tests that indicated Nelson was using alcohol, and Henderson would not allow Nelson to have the urine retested himself. Third, Nelson alleges that Henderson made Nelson attend a sex offender treatment program which included convicted child molesters as a condition of parole, even though Nelson's

sentence was for being a habitual offender instead of a sex offender. Nelson stopped attending the sex offender program, and his parole was revoked in part because he violated that condition.

Defendant moves to dismiss on the grounds that Plaintiff's complaint does not state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of [the] claim that would entitle [Plaintiff] to relief." *Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). For the purposes of this motion, the Court accepts all factual allegations of Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff's claims. *See id.* at 1202.

Plaintiff's first claim, that Defendant violated his civil rights by placing an ankle bracelet on him, appears to be an attempt to allege a violation of the Eighth Amendment prohibition against cruel and unusual punishment or a substantive due process violation under the Fourteenth Amendment. The analysis is equivalent in either case because Nelson's Fourteenth Amendment substantive due process rights are coextensive in this context with his Eighth Amendment rights. *Cf. Graham v. Connor*, 490 U.S. 386, 395 & n.10 (1989). Plaintiff's claims will be analyzed under the more specific provisions of the Eighth Amendment. *See Riddle*, 83 F.3d at 1202.

Plaintiff's complaint does not allege that excessive force was used to place the ankle bracelet on him, and the Eighth Amendment does not apply to *de minimis* use of force. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mr. Nelson does not allege that he ever complained to Defendant Henderson about the bracelet, or that Defendant Henderson knew that the bracelet was aggravating the leg injury. At best, Mr. Nelson has stated a claim for negligence against Defendant Henderson. However, to establish a constitutional violation, Plaintiff must show

2

willful infliction of pain or, at the least, deliberate indifference on the part of Henderson. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Nelson's complaint fails to allege either. Therefore, I recommend that the civil rights claims relating to Defendant Henderson's actions in placing an ankle bracelet for electronic monitoring on Nelson be dismissed.

Plaintiff's remaining claims challenge Defendant Henderson's actions that led to the parole revocation. Plaintiff is not alleging that he suffered any direct damages from attending the sex offender counseling sessions or from submitting a urine sample to Defendant; rather, he alleges that he suffered damages when his parole was revoked after Defendant reported that his urine samples contained evidence of alcohol use and that Plaintiff was not attending his sex offender counseling classes. Thus, the action that caused the alleged constitutional deprivation is the Parole Board's decision to revoke Nelson's parole.

Plaintiff's Section 1983 claims challenging the revocation of parole are premature. Under the *Heck v. Humphrey* doctrine, 512 U.S. 477, 487 (1994), a prisoner cannot bring a Section 1983 claim relating to a conviction or sentence that has not been invalidated if the judgment necessarily would imply the invalidity of that judgment or sentence. *See id.* This doctrine also applies to parole or probation revocations. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). In the present case, if Plaintiff prevails on his Section 1983 claims relating to the urine test and sex offender counseling requirement, then his parole revocation necessarily must have been invalid. Because Plaintiff's civil rights claims necessarily imply that his parole was revoked improperly, Plaintiff must bring a direct challenge to the parole revocation, and must succeed in

3

invalidating the revocation, before he can bring this action.[1] Accordingly, I recommend that the claims related to the urinalysis and sex offender counseling requirement be dismissed without prejudice as premature.

**Recommended Disposition**

I recommend that Plaintiff's claims relating to the placement of a bracelet for electronic monitoring on his ankle be dismissed with prejudice. I further recommend that Plaintiff's claims relating to the urinalysis and sex offender counseling requirement be dismissed without prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may file written objections to such proposed findings and recommendations with the Clerk of the United States District Court. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**United States Magistrate Judge**

---

[1] Although Plaintiff could meet the *Heck* requirement by successfully invalidating either his original conviction and sentence or the parole revocation, it appears that Plaintiff may be time barred from challenging his underlying conviction or sentence. Plaintiff was sentenced to life imprisonment in 1980 based on an offense that he committed in August, 1978. *See* Judgment, Sentence and Commitment, attached to Complaint *(Doc. 1)*. Plaintiff apparently was convicted under a habitual offender statute, N.M. Stat. Ann. § 31-18-5, that was repealed by 1977 N.M. Laws ch. 216 § 17. *See* N.M. Stat. Ann. § 31-18-5 compiler's notes. The Court notes that the date of the repeal of the habitual offender statute and the date that Plaintiff committed the offense for which he was sentenced appear inconsistent, but the validity of the underlying sentence is not before the Court at this time.